**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **WAYNE RESPER,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**WARDEN RONALD S. WEBER, *et al.*,**<br><br>***Defendants*.** | **Civil No.: 1:24-cv-03278-JRR** |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff's Motion to Alter and Amend Judgment at ECF No. 57 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025)

## I. BACKGROUND

The court incorporates the background set forth in its memorandum opinion at ECF No. 52. Relevant here, on September 18, 2026, the court granted State Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment at ECF No. 44, dismissing Plaintiff's claims against Defendants in their official capacities, dismissing Plaintiff's § 1983 claims against Defendant Lasher, and entering summary judgment in favor of Defendant Weber in his individual capacity and against Plaintiff on Plaintiff's § 1983 claims. (ECF Nos. 52, 53.) On October 16, 2026, Plaintiff filed the instant Motion asking the court to alter its judgment on the final point. Plaintiff argues entry of summary judgment for Defendant Weber was improper as to Plaintiff's "distinct First Amendment retaliation claim" because it "does not require proof that Defendant Weber supervised or directed the prison's medical staff," but instead that Defendant Weber "took, or caused, an action that would deter a person of ordinary firmness from protected activity, and that he did so because Plaintiff sued his institution." (ECF No. 57-1 at p. 4.) And, Plaintiff

contends, "the record supplies that proof." *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) "governs reconsideration of orders that do not constitute final judgments in a case (*i.e.*, interlocutory orders)." *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018). Rule 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims."[1] FED. R. CIV. P. 54(b). "Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (emphasis in original) (citing *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)).

Resolution of a motion for reconsideration of an interlocutory order "is committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Importantly, "the discretion afforded by Rule 54(b) is not limitless;" the Fourth Circuit has "cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *U.S. Tobacco Coop. Inc.*, 899 F.3d at 256–57. Accordingly, a court may revise an interlocutory order to account for "(1) a subsequent trial producing substantially different evidence;[2] (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* at 257 (quoting *Carlson*, 856 F.3d at 325). "Although there may be many valid reasons to reconsider an order, 'a motion to

---

[1] Inasmuch as the court's opinion and order at ECF Nos. 52 and 53 adjudicated fewer than all claims at issue, and as the court has not entered (and Defendants have not sought) final judgment, the court construes Plaintiff's Motion pursuant to Rule 54(b). FED. R. CIV. P. 54(b); *Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022).

[2] The court considers this more broadly to include new evidence or evidence not previously available to the movant despite the exercise of proper, reasonable diligence. *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018).

reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." *Carrero*, 310 F. Supp. 3d at 584 (D. Md. 2018) (quoting *Royal Ins. Co. of Am. V. Miles & Stockbridge, P.C.*, 142 F. Supp. 2d 676, 677 n.1 (D. Md. 2001)).

**III. ANALYSIS**

Plaintiff contends this court "committed clear error by resolving the retaliation claim under the standard for supervising medical staff and without applying the First Amendment retaliation framework," and that the court "committed clear error by weighing the evidence and drawing inference against Plaintiff regarding Weber's statements and involvement." (ECF No. 57-1 at p. 4–7.)

As an initial matter, Plaintiff's Motion is untimely. Pursuant to Local Rule 105.10, "[e]xcept as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed . . . not later than fourteen (14) days after entry of the order." Local Rule 105.10 (D. Md. 2025). Inasmuch as Plaintiff's Motion pursuant to Rule 54(b) was filed more than 14 days after entry of the challenged order, the Motion is untimely. (ECF Nos. 57, 61.) Defendants' opposition expressly challenged the Motion on this basis, and Plaintiff offered no response. In failing to respond, Plaintiff has conceded the point. *See Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016). The Motion fails on that basis. *See Green v. iMentor, Inc.*, No. CV RDB-24-2567, 2025 WL 3077594, at *4 (D. Md. Nov. 4, 2025) (noting "this Court has repeatedly denied motions for reconsideration where they are untimely filed in violation of the Local Rules" and collecting cases).

Even considering the merits of the Motion, the court discerns no clear error. With regard to Plaintiff's first argument, Plaintiff neglects to consider the context of the court's ruling as a whole. The court did not suggest that any First Amendment retaliation claim must turn on a theory

of supervisory liability; its opinion expressly addressed the need for personal liability under 42 U.S.C. § 1983—a concept Plaintiff does not dispute. (ECF No. 52 at pp. 11–14.) Plaintiff's suggestion that this is the "wrong legal framework" mistakes this point.[3]

Instead, Plaintiff's arguments turn on his assertion that it was error for the court to find he failed to generate a triable issue as to Defendant Weber's personal involvement in the alleged retaliatory acts. Plaintiff advanced this argument previously in his opposition, which the court addressed in its opinion:

> [T]he undisputed evidence is that State Defendants did not hire or supervise Defendant Mace or the medical staff servicing WCI, that they did not have any personal involvement in the provision of medical care at WCI, and that they did not have any authority to direct the medical care at WCI. (Weber Decl., ECF No. 44-2 ¶¶ 3–5; Lasher Decl., ECF No. 44-3 ¶¶ 3–5.) Seemingly in an effort to generate a dispute of fact as to Defendant Weber, Plaintiff directs the court to Plaintiff's declaration that Defendant Weber and other administrators were present in a patient care meeting, *see* Medical Records, ECF No. 45 at p. 105, in which Defendant Weber told Plaintiff that the "train is leaving the station, you can either get on board with the care being offered or get left behind," and that the Defendant Mace informed Plaintiff (which Weber confirmed) he put her in charge of Plaintiff's care. (Resper Decl., ECF No. 5-2.) This evidence, however, does not generate a genuine dispute of the material facts at issue—that Defendant Weber did not supervise or direct the actions of medical staff servicing WCI. Indeed, at most, these support that Defendant Weber attended a patient care meeting and instructed Plaintiff to abide the protocol set by medical staff. Plaintiff has identified no evidence to support that Defendant Weber directed medical staff related to Plaintiff's wheelchair use allowance.

(ECF No. 52 at pp. 12–13) (footnote omitted). Even accepting and crediting Plaintiff's assertions

[3] The court's analysis concerned personal liability under § 1983 and was not claim specific. (ECF No. 52 at pp. 3–4) ("Based on Plaintiff's Supplement at ECF No. 39, as well as his response in opposition to the instant Motion at ECF No. 50-1, the court understands him to bring two claims pursuant to 42 U.S.C. § 1983—deliberate indifference to serious medical needs under the Eighth Amendment, and retaliation for engaging in First Amendment activity."). The court's analysis on personal liability was applicable to both theories of recovery under § 1983; the court's analysis was not limited to deliberate indifference as the rationale for its conclusions. *Id.* at pp. 11–15.

regarding Defendant Weber's comments about the train "leaving the station," they, standing alone, do nothing to generate a genuine dispute of material fact to support that Defendant Weber acted personally (or by directing or authorizing the actions of medical providers) to effect that retaliation in the manner alleged,[4] which is to say there is no evidence upon which a reasonable factfinder could conclude that Defendant Weber either personally restricted Plaintiff's wheelchair use or failed to provide his blood thinner medication consistently, or authorized or directed medical personnel to do the same.[5] While the court appreciates that Plaintiff disagrees with the court's ruling, the court discerns no clear error resulting in manifest injustice.

## IV. CONCLUSION AND ORDER

Accordingly, it is this 18th day of November 2026,

**ORDERED** that the Motion (ECF No. 57) shall be, and is hereby, **DENIED**.

/S/
____________________________
Julie R. Rubin
United States District Judge

[4] Plaintiff did not advance argument that summary judgment should be delayed, or that discovery was needed in order to oppose summary judgment. (ECF No. 50.)

[5] For this reason, Plaintiff's reference to *Martin v. Duffy* is unavailing. (ECF No. 57-1 at p. 6.) The dispute there turned on the defendant's reasons for segregating the plaintiff—the alleged retaliatory act at issue. *Martin v. Duffy*, 977 F.3d 294, 304–05 (4th Cir. 2020). There was no question there that the defendant personally acted in the deprivation. More simply, this court's decision did not turn on crediting Defendant Weber's account; it concerned the uncontroverted record that Defendant Weber did not personally act or direct others to act to effect the allegedly retaliatory actions.